JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709

SUMMER A. JOHNSON
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
summer.johnson@usdoj.gov

*Attorneys for Defendant United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Wayne Mayes, as Guardian for Harry Michael Reid; and, Lucille Lagasse, <br><br> Plaintiff, <br><br> v. <br><br> The United States of America; DOE Individuals I-X; and, ROE Entities I-X, inclusive, <br><br> Defendants. | Case No.: 2:21-cv-00296-APG-BNW <br><br> **Proposed Stipulation for Protective Order for Confidential Information** |

WHEREAS, discovery in the captioned case (the "Action") is expected to encompass documents and other information containing information protected from disclosure by the Privacy Act, and other confidential matters, Plaintiffs Wayne Mayes, as Guardian for Harry Michael Reid; and, Lucille Lagasse and Defendant United States of America, by and through their respective counsel, have AGREED and STIPULATED to enter into this Stipulated Protective Order (the "Order"). The parties agree that the following provisions shall govern claims of confidentiality in this Action:

(A)    Documents and other information containing private personal information and other confidential information may be designated "Subject to Protective Order," provided such documents or information have not previously been disclosed by the producing party to the public. Such documents or information or parts thereof will be

designated after review by an attorney for the producing party by stamping "Subject to Protective Order" on each page. To the extent possible, the marking required by this paragraph shall not obscure the content of any record. All such claims shall be made in good faith by the party asserting the claim.

      (B)    If any party believes a document (or information) not included in the preceding paragraph should be included within the scope of this Order, that party may make application to the Court.

      (C)    Documents or information designated "Subject to Protective Order" shall be used only for purposes of the prosecution or defense of this Action, and shall be shown only to the parties; the parties' attorneys; the attorneys' staff, including their clerks, paraprofessionals, secretarial personnel and clerical personnel; qualified persons taking testimony involving such information, including necessary stenographic and videotape personnel; and the individuals and experts retained by a party's attorney to assist in the party's evaluation, preparation or provision of testimony in the Action.

All such persons shall be bound by all terms of this Order. Counsel for the respective parties shall be responsible for explaining all duties and responsibilities hereunder, and providing a copy of this Order to each person who is to receive protected material pursuant to this Order prior to disclosing any protected material to such person.

      (D)    Within 30 days after final conclusion of all aspects of this litigation, all protected material B including all copies, summaries, or references thereto in the possession of any person B shall be destroyed or returned to the producing party. Counsel for each party shall be responsible for ensuring that all confidential information is returned or destroyed and shall certify compliance with this requirement, if requested to do so.

      (E)    If a party believes that a document or information designated or sought to be designated as "Subject to Protective Order" by the producing party does not warrant such designation, it shall first make a good faith effort to resolve such dispute with counsel for the producing party. In the event that the parties cannot resolve such dispute, either party may apply to the Court for a determination as to whether the designation is

appropriate. The burden rests on the party seeking to designate the information "Subject to Protective Order" to demonstrate that such designation is proper. However, the document or information shall be treated as "Subject to Protective Order" until the Court resolves the matter.

(F) In the event that "Subject to Protective Order" information is attached to a deposition transcript as an exhibit, counsel for each party will ensure that (1) the persons to whom the transcript and/or exhibits are provided are only to those persons as provided in paragraph (C) above and that (2) those persons comply with the provisions contained in this Order.

(G) In the event that any party or person bound by this Order is served with (1) a subpoena in an action other than this Action, or (2) requests for production of documents, interrogatories, or any other type of formal or informal demand in an action other than this Action to which he or she is a party, or (3) any other legal process or paper by one not a party to this Action seeking or requesting disclosure of information subject to this Order, that person shall give prompt written notice of such event to counsel of record for the party who originally produced the requested information and shall object to its production. Upon receipt of written notice, counsel for the party who originally produced the information ("Producing Party") shall advise the person who is to respond to the subpoena, demand or other legal process of the Producing Party's position. Thereafter, Producing Party shall assume responsibility for preserving and prosecuting any objection to the subpoena, demand or other legal process. The person served shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the information.

Should the person seeking access to information subject to this Order take action to enforce such a subpoena, demand, or other legal process, the person so served shall set forth in his or her response the existence of this Order. Nothing herein shall be construed as requiring the person served to challenge or appeal any order requiring production of information subject to this Order, to submit to any penalties for noncompliance with any legal process or order, or to seek any relief from any Court.

(H) Any document or pleading filed with the Court that contains or refers to information designated "Subject to Protective Order" shall be filed under seal and shall contain a cover sheet bearing the notation: "CONFIDENTIAL - SUBJECT TO ORDER REGARDING NONDISCLOSURE: TO BE OPENED ONLY BY THE COURT FOR ITS REVIEW AND TO THEN BE RESEALED."

(I) Nothing in this Order, and no action taken pursuant to it, shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, any additional protection with respect to the discoverability or confidentiality of documents or other information, or prejudice the right of any party to contest the alleged relevance, admissibility or discoverability of any documents or information, whether or not subject to this Order.

IT IS SO STIPULATED:

Respectfully submitted this 10th day of March 2023.

| CLOSE LAW GROUP | JASON M. FRIERSON<br>United States Attorney |
|---|---|
| /s/ Jason A. Close<br>JASON A. CLOSE, ESQ.<br>Nevada Bar No. 13674<br>2831 Saint Rose Pkwy Ste 240<br>Henderson, NV 89052<br>*Attorneys for Plaintiff* | /s/ Summer A. Johnson<br>SUMMER A. JOHNSON<br>Assistant United States Attorney<br>*Attorneys for the United States* |

## ORDER

IT IS ORDERED that ECF No. 29 is GRANTED.

IT IS FURTHER ORDERED that the parties must comply with all Local Rules and Ninth Circuit precedent when filing motions to seal any confidential information.

IT IS SO ORDERED

DATED: 5:04 pm, March 13, 2023

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**