Jason A. Close, Esq.
Nevada Bar No. 13674
CLOSE LAW GROUP
2831 Saint Rose Pkwy STE 240
Henderson, NV 89052
Phone: (702) 983-4254
Fax: (702) 924-4645
Jason@CloseLawGroup.com
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| WAYNE MAYES, as Guardian for HARRY MICHAEL REID; and, LUCILLE LAGASSE,<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES OF AMERICA; DOE INDIVIDUALS I-X; and, ROE ENTITIES I-X, inclusive,<br><br>Defendants. | Case No. 2:21-cv-00296-APG-BNW<br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES**<br>**(Tenth Request)** |

Pursuant to LR 26-1 and LR IA 6-1, it is hereby stipulated by and between Plaintiffs Wayne Mayes, as Guardian for Harry Michael Reid, and Lucille Lagasse ("Plaintiffs") and Defendant United States of America ("USA") (together, the "Parties") that the deadlines specified in this Court's Discovery Plan and Scheduling Order (ECF No. 36) be extended one-hundred twenty (120) days. This is the Parties' tenth request to extend the scheduling order.

1. <u>Reasons to Extend.</u>

As mentioned in the Parties' last stipulation (ECF No. 36), both Mr. Mayes (guardian for Mr. Reid) and Plaintiffs' retained economist Dr. Terrence "Mike" Clauretie have recently passed away. As described in the Parties' last five stipulations to extend discovery (ECF No. 26, No. 28, No. 31, No. 34, & No. 36), guardian Wayne Mayes had been treating his recently-diagnosed, advanced-stage cancer. Although Mr. Mayes was wrapping up treatment and reported a positive outcome, he took a sudden turn for the

worst in June.

**Plaintiff Lucille Lagasse has a hearing set for November 16, 2023, in the state guardianship court on her petition to become successor guardian over her husband Harry.**  In the meantime, in this case, counsel for Plaintiffs is at a roadblock without a personal representative to make strategic client and financial litigation decisions for Mr. Reid.  Accordingly, future deadlines should be reset based upon that state guardianship hearing, plus some leeway for any unforeseen issues in that court.

Regarding Dr. Clauretie's passing, Plaintiffs require a forensic economist to prove damages.  Dr. Clauretie was Plaintiffs' retained economist since before litigation (*i.e.,* he prepared a report submitted with Plaintiffs' prelitigation FTCA Administrative Claim). Plaintiffs must retain a successor expert economist with sufficient time before initial expert deadlines, which is not possible without a guardian to make Mr. Reid's client / financial decisions over funds held in trust pursuant to the state guardianship court's order.

Further, as mentioned in the Parties' prior stipulation, there has been some difficulty obtaining Plaintiff Lucille Lagasse's mental health records. A subpoena for the mental health records was issued on June 21, 2023. A few responsive documents were provided; however, the mental health treatment center indicated that the licensed therapist that was treating Ms. Lagasse is no longer employed by their office and no patient notes or files were provided. The United States has begun the process of determining whether the files no longer exist or were taken by the licensed therapist when she left the employment of the mental health treatment center.

Complete records would be beneficial to physician depositions, for expert reports and depositions, and for accurate damages calculations.  Further, the written reports of the expert(s) would likely change based upon final medical records, and which would require both Parties to likely incur additional and substantial litigation costs.  Finally, not planning for the above issues now would likely result in more difficult, last-minute delays on orders-shortening-time further into discovery.

Additionally, as set forth in the prior stipulations, counsel for the United States has sought the deposition of the author of the NHP Crash Report. Although the United States believed it had secured a date, Officer Muir has not returned repeated phone calls to confirm a date for Plaintiffs' and Defendant's counsel to travel out of state to conduct the deposition. As a result, at this juncture, a deposition subpoena will need to be served on Officer Muir in order to compel his attendance at a deposition.

Because Officer Muir's testimony would assist the Parties' liability experts, the Parties would incur additional and substantial litigation costs to do multiple rounds of expert reports under the current schedule, if Officer Muir's deposition transcript were unavailable prior to the current Expert Disclosure Deadline.

For the reasons set forth above, the Parties believe good cause exists to extend the discovery deadlines in this matter.

2. <u>Discovery Completed:</u>
   a. The Parties have disclosed several Rule 26 disclosures and supplements.
   b. Plaintiffs served their First Supplement to Initial Disclosures on June 14, 2021
   c. Defendant USA has issued over a dozen subpoenas duces tecum to third Parties, most of which have been returned
   d. USA served their First Requests for Production of Documents and First Set of Interrogatories to Plaintiff William Mayes as Guardian for Harry Michael Reid on August 30, 2021
   e. USA served their First Requests for Production of Documents and First Set of Interrogatories to Plaintiff Lucille Lagasse on August 30, 2021
   f. USA served their First Supplement to Initial Disclosures on September 1, 2021
   g. Plaintiffs served their Second Supplement to Initial Disclosures on October 11, 2021
   h. Plaintiff requested updated medical records from currently-treating

providers on October 12, 2021

i. Plaintiffs served their Third Supplement to Initial Disclosures on October 14, 2021

j. Plaintiffs served their Fourth Supplement to Initial Disclosures on October 16, 2021

k. Plaintiffs served their Fifth Supplement to Initial Disclosures on November 5, 2021

l. Plaintiff propounded a first set of discovery requests (interrogatories and requests for production) to USA on December 7, 2021

m. USA served their Second Supplement to Initial Disclosures on December 17, 2021

n. USA served their Third Supplement to Initial Disclosures on January 25, 2022

o. USA produced responses to Plaintiff's first set of discovery requests on February 4, 2022

p. USA served their Fourth Supplement to Initial Disclosures on February 4, 2022

q. Counsel for parties met and conferred on March 11, 2022 regarding Plaintiffs' discovery disputes relate to USA's first responses to Plaintiffs' written discovery requests, and have had subsequent e-mail correspondence

r. Plaintiffs served their Sixth Supplement to Initial Disclosures on April 4, 2022

s. USA took Plaintiff Harry Reid's deposition on April 7, 2022

t. USA took Guardian Wayne Mayes' deposition on April 14, 2022

u. Defense IME (Neurologist) of Plaintiff occurred on June 11, 2022

v. Plaintiffs served their Seventh Supplement to Initial Disclosures on June 21, 2022

w. USA served their Fifth Supplement to Initial Disclosures on July 1, 2022

x. USA served their First Supplemental Responses to Plaintiffs' First Set of Interrogatories on July 1, 2022

y. USA served their First Supplemental Responses to Plaintiffs' First Set of Requests for Production on July 1, 2022

z. Plaintiffs served their Eighth Supplement to Initial Disclosures on July 12, 2022

a. Plaintiffs took fact witness Walter "Buzz" Blankenship's deposition on July 13, 2022

aa. USA took fact witnesses Duane Rios's Deposition on July 28, 2022

bb. Plaintiffs took fact witness NPS personnel Christopher Raynolds' deposition on September 16, 2022

cc. Plaintiffs took fact witness NPS Ranger William Dentler's deposition on September 16, 2022

dd. Plaintiffs served their Ninth Supplement to Initial Disclosures on October 6, 2022

ee. USA served their Sixth Supplement to Initial Disclosures on October 11, 2022

ff. USA served their Second Supplemental Responses to Plaintiffs' First Set of Requests for Production on October 11, 2022

gg. USA took party witness Lucille Lagasse's deposition on October 7, 2022

hh. The undersigned conducted a meet-and-confer pursuant to FRCP 30(b)(6) on October 18, 2022, to discuss the scope of topics and scheduling for USA's 30(b)(6) designee(s)

ii. Plaintiffs took fact witness NPS personnel Charles "Chuck" Patton's deposition on October 21, 2022

jj. Plaintiffs served their Tenth Supplement to Initial Disclosures on November 4, 2022

    kk. Plaintiffs served their Eleventh Supplement to Initial Disclosures on March 8, 2023

    ll. The Parties filed a Stipulation for Protective Order for Confidential Information on March 10, 2023

    mm. Protective Order was granted on March 13, 2023 (ECF No. 32)

    nn. Plaintiffs took fact witness NHP Trooper Matthew MacKinnon's deposition on April 26, 2023 and May 5, 2023

    oo. Plaintiffs took fact witness NHP Trooper Tyler Mleczko on May 5, 2023

3. <u>Discovery Remaining</u>:

    a. Deposition of former NHP Trooper Mason Muir

    b. Defendant 30(b)(6) Deposition once schedules are reviewed after formal noticing.

    c. Expert Witness Disclosures (All Parties)

    d. Rebuttal Witness Disclosures (All Parties)

    e. Expert/Rebuttal Witness Depositions (All Parties)

    f. Additional Disclosure Supplements, As Needed (All Parties)

    g. Additional Written Discovery, As Needed (All Parties)

    h. Potential, Additional Fact Witness Depositions, As Needed

4. <u>Proposed Modification</u>:

Based on the foregoing, the Parties seek to modify the discovery plan as follows:

    a. Close of Discovery: Extended from Tuesday, December 26, 2023 to **Wednesday, April 24, 2024.**

    b. Deadline for Disclosure of Experts: Extended from Monday, October 30, 2023 to **Monday, February 26, 2024**.[1]

    c. Deadline for Disclosure of Rebuttal Experts: Extended from Monday,

---

[1] In the event a deadline occurs on a Saturday, Sunday or legal holiday recognized by the Federal Rules of Civil Procedure (or the Court's Local Rules), then the time for complying with the deadline shall be extended to the next business day.

November 27, 2023 to **Wednesday, March 27, 2024**.

d. Deadline to file Dispositive Motions: Extended from Thursday, January 25, 2024 to **Friday, May 24, 2024**.

e. Deadline for filing Joint Pretrial Order: Extended from Monday, Monday, February 26, 2024 to **Monday, June 24, 2024**.[1]  If a dispositive motion is filed, this deadline will be suspended until 30 days after the Court rules on the dispositive motion.

5. This request is made in good faith and not for purposes of delay, and is brought at least 21 days prior to the expiration of any existing discovery deadline extended herein.

**IT IS SO STIPULATED.**

| | |
|---|---|
| Dated this 29th day of September, 2023 | Dated this 29th day of September, 2023 |
| CLOSE LAW GROUP | JASON M. FRIERSON |
| | UNITED STATES ATTORNEY |
| | DISTRICT OF NEVADA |
| | |
| /s/ Jason A. Close | /s/ Summer A. Johnson |
| JASON A. CLOSE, ESQ. | SUMMER A. JOHNSON |
| 2831 Saint Rose Pkwy Ste 240 | 501 Las Vegas Blvd. So., Suite 1100 |
| Henderson, NV 89052 | Las Vegas, Nevada 89101 |
| | |
| *Attorney for Plaintiffs* | *Attorneys for the United States* |

**ORDER**

IT IS SO ORDERED:

_____
HONORABLE BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

DATED:  10/02/2023

Notice: The Court cautions the parties that given the amount of prior requests, it will not be inclined to grant another continuance in the future.

7