JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709

SUMMER A. JOHNSON
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
summer.johnson@usdoj.gov

*Attorneys for Defendant United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Lucille Lagasse, as Guardian for Harry Michael Reid; and, Lucille Lagasse,<br><br>    Plaintiff,<br><br>v.<br><br>The United States of America; DOE Individuals I-X; and, ROE Entities I-X, inclusive,<br><br>    Defendants. | Case No. 2:21-cv-00296-APG-BNW<br><br>**STIPULATION AND PROPOSED ORDER RE FRCP RULE 35 EXAMINATION OF PLAINTIFF HARRY MICHAEL REID** |

IT IS HEREBY STIPULATED by and between Plaintiff LUCILLE LAGASSE, as Guardian for Harry Michael Reid, and Defendant UNITED STATES OF AMERICA through their respective attorneys of record as follows:

1. Plaintiff, Harry Michael Reid will undergo a neuropsychological examination conducted by Ari Kalechstein, Ph.D. A copy of Dr. Kalechstein's curriculum vitae is attached as Exhibit A.

2. The examination will occur on February 9, 2024 at 8:30 a.m. at 501 Las Vegas Blvd, South, Suite 1100, Las Vegas, Nevada 89101. The examination will take a maximum of 8 hours to complete. The examination will end immediately on or before the 8 hour mark. The 8 hours will not include comfort or meal breaks taken during the

examination period.

3. No other persons shall be present during the examination other than Plaintiff Harry Michael Reid, Dr. Kalechstein, and members of his staff.

4. Dr. Kalechstein shall not physically examine Plaintiff or provide opinions in fields that are outside the area of his expertise.

5. Dr. Kalechstein will not conduct any diagnostic tests or procedures that are painful, protracted, intrusive, or unreasonably invasive, nor conduct any diagnostic imaging.

6. The examination will consist of one session, which will include: (1) a clinical interview with Plaintiff Harry Michael Reid to discuss the following: his clinical situation and obtain a bio-psycho-social history, including Plaintiff's recent and past personal, family, social, developmental, substance-abuse, medical, psychiatric, educational, occupational, relationship, trauma and legal histories; and (2) standard cognitive testing, which may include the following:   b–test; Auditory Consonant Trigrams; Boston Diagnostic Aphasia Exam and/or Western Aphasia Battery; Brief Visuospatial Memory Test – Revised; California Verbal Learning Test – 2 or 3; Continuous Performance Test – 2 or 3; Controlled Oral Word Association Test; Delis-Kaplan Executive Functioning System; Dot Counting Test; Finger Tapping Test; Grooved Pegboard Test; Judgment of Line Orientation; Minnesota Multiphasic Personality Inventory-2 or 2-RF or 3; Personality Assessment Inventory; Rey Auditory Verbal Learning Test; Rey–Osterrieth Complex Figure Test; Ruff Figural Fluency Test; Scholastic Abilities Test for Adults (SATA); Selective Reminding Test; Stroop Test; Symbol Digit Modalities Test; TOMM; Trailmaking Test-Parts A and B; Victoria Symptom Validity Test; Wechsler Adult Intelligence Scale – III or IV; Wechsler Memory Scale – III or IV; Wisconsin Card Sorting Test; Woodcock–Johnson Tests of Academic Achievement – IV. Not all of the evaluation tools may be administered and will be determined by Dr. Kalechstein at the time of the examination.

7.  No other testing besides those listed above will be conducted.

8.  Dr. Kalechstein and Plaintiff Harry Michael Reid will be the sole persons participating in the examination. Dr. Kalechstein will digitally audio record the session in its entirety. Plaintiff may voice-record the clinical interview and may leave with the recording in his possession. Plaintiff may voice record the test-administration but must turn over the recording to Dr. Kalechstein who will place the recording of the test-administration in an envelope, seal it, and have Plaintiff sign it. Dr. Kalechstein will send the unopened enveloped to Plaintiff's identified expert.

9.  Medical billing, medical records, and diagnostic films have been produced during litigation. To the extent Dr. Kalechstein needs to review these records, Defendant will be responsible for providing them to Dr. Kalechstein prior to the examination. Plaintiff shall not bring any medical records, medical bills or diagnostic imaging to the examination.

10. Within four (4) weeks of the examination, or on the date of the expert disclosure, whichever occurs earlier, the examiner shall provide to Defendant's counsel a written report of the examination, including results of all tests, diagnoses and conclusions.

11. Defendant shall produce a report prepared by Dr. Kalechstein to Plaintiff's counsel within thirty (30) days of the examination, or in accordance with the applicable Discovery Scheduling Order, whichever comes first.

12. Dr. Kalechstein will produce a copy of his file upon request of Plaintiff's counsel, in accordance with the professional guidelines for psychologists.

13. Dr. Kalechstein will not speak with or attempt to engage any family member or friend who may accompany the Plaintiff to the examination. Plaintiff understands that no family member and/or friend shall be present while any portion of the evaluation is being conducted.

14. Dr. Kalechstein will receive a copy of this executed Stipulation prior to the examination.

15. Plaintiff shall not pay or incur any fee associated with the examination.

16. The cost of this examination shall be borne by the United States.

17. The parties agree and stipulate that the exam is being conducted pursuant to FRCP 35 and the parties and examiner agree to comply with the provisions of FRCP 35.

**IT IS SO STIPULATED.**

Dated this 5th day of February, 2024

CLOSE LAW GROUP

/s/ *Jason A. Close*
JASON A. CLOSE, ESQ.
*Attorney for Plaintiffs*

Dated this 5th day of February, 2024

THE LAW OFFICE OF EGLET ADAMS EGLET HAM HENRIOD

/s/ *Artemus W. Ham*
ROBERT T. EGLET, ESQ.
ROBERT M. ADAMS, ESQ.
ARTEMUS W. HAM, ESQ.
CASSANDRA S.M. CUMMINGS, ESQ.
ASHLEY E. KABINS, ESQ.
ASHLEY B. GUGINO, ESQ.
*Attorneys for Plaintiffs*

Dated this 5th day of February, 2024

JASON M. FRIERSON
United States Attorney

/s/ *Summer A. Johnson*
SUMMER A. JOHNSON
Assistant United States Attorney
*Attorney for Defendant*

**ORDER**

IT IS SO ORDERED:

_____
HONORABLE BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE
DATED: 2/6/2024_____

4